# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

### LETTER OPINION

September 16, 2008

Gilbert Hart
# 24551-050
L.S.C.I. Allenwood
P.O. Box 1000
White Deer, PA 17887-1000
*Pro Se Petitioner*

Dustin Chao
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07101
*Attorney for Respondent*

    RE:    Hart v. United States of America
            Civ. No. 08-1647 (WJM)

Dear Litigants:

    This matter comes before the Court on pro se prisoner Gilbert Hart's motion to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255. There was no oral argument.[1] Fed. R. Civ. P. 78. For the reasons stated below, the motion is **DISMISSED WITH**

---

    [1] For purposes of this opinion, petitioner's § 2255 motion consists of his submission to the Court dated March 27, 2008 ("Pet'r Orig. Mot.") and his later submission, dated May 16, 2008 ("Pet'r New Mot."), which was filed in response to the Court's request that the petitioner consolidate his requests for relief in one § 2255 petition in accordance with United States v.

**PREJUDICE** and the relief requested therein is **DENIED**.

### Facts and Proceedings

Gilbert Hart was arrested and charged by information with: (1) conspiracy to defraud a financial institution in violation of 18 U.S.C. § 371; and (2) committing a scheme to defraud a financial institution in violation of 18 U.S.C. § 1344. (Pet'r Orig. Mot., at 9, Resp't. Br. Ex. E.)

After the filing of the information, Hart and the Government entered into a plea agreement. The plea agreement stated that if Hart would plead guilty to conspiracy to defraud a financial institution and committing a scheme to defraud a financial institution, the government would not initiate further criminal charges against Hart for defrauding Flagstar Bank and other financial institutions from the period of March 2002 through January 2005. In addition, the plea agreement contained, *inter alia*, the following provisions:

1. Hart and the Government stipulated to a Base Offense Level of 7 and an agreed total offense level of 29[2] under the United States Sentencing Guidelines ("Guidelines"). (Resp't Br. Ex. B). In calculating the Guidelines recommendation for Hart's sentence, the plea agreement noted that since the "actual loss sustained by the victims in this case cannot reasonably be determined at this time ... the parties agree to apply the defendant's gain as an alternative measure of loss."

2. Hart explicitly waived his right to challenge his sentence through an appeal or motion brought pursuant to 28 U.S.C. § 2255.

(Resp't Br. Ex. B) In accordance with this agreement, Hart filed a Rule 11 application for permission to enter a guilty plea and then pled guilty to the two counts in the information before the Honorable John C. Lifland on April 12, 2005. (Resp't Br. Ex. C, Ex. F). In its Presentence Report, the United States Probation Department calculated Hart's Total Offense Level under the United States Sentencing Guidelines to be 31 with a criminal history category III, resulting in a Guidelines range sentence of 135 to 168 months. (Resp't Br. Ex. A). Granting the government's motion for a downward departure under U.S.S.G. § 5K1.1, Judge Lifland sentenced Hart to 87 months imprisonment for the bank fraud count to be served concurrently to a term of 60 months for the conspiracy count, to be served consecutively to the sentence already being served by Hart

---

Miller, 197 F.3d 644 (3d Cir. 1999).

[2] The parties did not agree on the applicability of Specific Offense Characteristic 2B1.1(b)(10)(C)(I), which pertains to the unauthorized use of any means of identification, and reserved the right to argue its applicability at sentencing. (Resp't Br. Ex. B.)

for conspiracy to commit wire fraud.[3]  (Resp't Br. Ex. E.)

**Discussion**

28 U.S.C. § 2255 provides that a prisoner in custody under a sentence from a federal court may move the court that imposed the sentence to either vacate, set aside, or correct the sentence.  This section, however, does not afford a remedy for all errors that may have been made at trial or at sentencing.  *United States v. Addonizio*, 442 U.S. 178 (1979).  Errors warranting modification must raise "a fundamental defect which inherently results in a complete miscarriage of justice."  *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A prisoner can challenge his or her sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Hart's petition raises two issues: (1) a request that the court modify Hart's term of imprisonment and the amount of restitution imposed; and (2) a claim of ineffective assistance of counsel.  His arguments are addressed in turn.

**A.  Hart's Request for Modification of his Sentence**

In his petition, Hart requests that this court resentence him to a term of imprisonment, which would run concurrent to the sentence imposed by Judge Cooper for Hart's wire fraud conviction. (Pet'r New Mot. ¶ 6.) In addition, Hart asks that this court modify his sentence by reducing both the offense level enhancement applied under U.S.S.G. § 2B1.1(b)(1) and the amount of restitution imposed to reflect the actual losses for which Hart contends that he can be held liable. (Pet'r New Mot. ¶¶ 5, 7.)

These requests are denied.  As part of his plea agreement, Hart waived his right to appeal his sentence determination.  *See United States v. Khattak,* 273 F.3d 557, 563 (3d Cir. 2001) ("Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice.") During his plea hearing, Judge Lifland asked Hart whether he had read and understood the terms of the plea agreement, and Hart answered affirmatively. (Resp't Br. Ex. C.)  There is no argument that the government violated the plea agreement or that Hart's waiver was entered into unknowingly or involuntarily.  As such, Hart's waiver of his right to appeal is

---

[3] Hart pled guilty to conspiracy to commit wire fraud before the Honorable Mary L. Cooper on August 2, 2002 and was released on a personal recognizance bond pending sentencing. The instant offenses occurred while Hart was on release prior to the imposition of sentence by Judge Cooper.

3

valid and enforceable[4], and his request for modification of his sentence is denied.

Even in the absence of a waiver, this appeal would be time-barred. Hart was sentenced by Judge Lifland on March 29, 2007. As instructed by Judge Lifland during his sentencing hearing, Hart had ten days from the imposition of sentence to file a notice of appeal. (Resp't Br. Ex. D.) Hart did not take a direct appeal; therefore, his conviction became final ten days later on April 9, 2007. *See Fed. R. App. P. 4(b)*; *see also Baker v. United States*, 2007 WL 1071958, at *2 (D.N.J. Apr. 5, 2007). This request for modification of sentence was filed on March 31, 2008 – almost one year after Hart's conviction had become final. As such, Hart's request for modification of sentence is untimely.

### B. Hart's Ineffective Assistance of Counsel Claim

Hart's ineffective assistance of counsel claim is also without merit. The standard for ineffective assistance of counsel claims was put forth by the United States Supreme Court in *Strickland v. United States*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner seeking to prove ineffective assistance of counsel must demonstrate that: (1) his attorney's performance was deficient, and (2) he was prejudiced by this deficiency. *Id.* at 687.

In his petition, Hart asserts that his Sixth Amendment right to counsel was violated because defense counsel failed to argue that eight fraudulent transactions attributed to Hart in the Presentence Report were not carried out by him but instead were carried out by one of his co-conspirators. (Pet'r Orig. Mot. at 12.) Had defense counsel acted to remove mention of these eight transactions from Hart's Presentence Report, Hart argues that his Total Offense Level would have been two points lower, due to the reduction in actual losses attributable to Hart under U.S.S.G. § 2B1.1(b)(1).[5] *Id.* at 13.

Hart's deficiency argument fails for two reasons. First, the United States Probation Department did not use "actual loss" to calculate Hart's Guidelines range in the Presentence Report. Instead, the Probation Department followed the plea agreement, which stipulated that

---

[4] Although ineffective assistance of counsel can invalidate waiver-of-appeal provisions, *see Khattak*, 273 F.3d at 563, Hart's ineffectiveness claim is without merit, *see infra*.

[5] In his Opposition to the Government's Motion to Dismiss –  filed approximately 17 months after the imposition of his sentence – Hart raised some additional ineffectiveness claims for the first time. These claims are that: (1) defense counsel never argued that the sentence imposed by Judge Lifland should run concurrent to Judge Cooper's sentence; and, (2) counsel never showed Hart a copy of the PSR prior to sentencing, which rendered Hart unable to correct errors in the PSR. (Pet'r Opp. Br. at 5-6). These additional claims are barred as untimely amendments to the § 2255 motion, as they "add completely new allegations ... to the petition outside of the one year statute of limitations." *Lawton v. United States*, 814 F. Supp. 2d 419, 421 (E.D. Pa. 2002) (citing *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir. 2000).

Hart's gain be used in place of actual loss. (Resp't Br. Ex. A.)  In addition, the plea agreement stipulated to the amount of Hart's gain, placing it between $1 million and $2.5 million. *Id.*  Hart indicated to Judge Lifland that he had read and understood the plea agreement. (Resp't Br. Ex. C.)  As such, the losses attributable to the eight transactions listed in the Presentence Report were not used to calculate Hart's Specific Offense Characteristic under U.S.S.G. § 2B1.1(b)(1). Therefore, Hart's attorney failure to argue that the eight transactions at issue should be removed from the Presentence Report to decrease the amount of actual loss does not demonstrate deficiency.

Further, even in the absence of the plea agreement, the Probation Department likely would not have used actual loss for the U.S.S.G. § 2B1.1(b)(1) calculation.  The general rule under U.S.S.G. § 2B1.1 is that loss is the greater of actual loss or intended loss. *U.S. Sentencing Guidelines Manual* § 2B1.1 cmt. n.3(A) (2006).[6]  While Hart argues that his actual loss should be less than $1 million, the court instead could have used his intended loss, which was calculated by Probation to be over $7 million.  Use of the intended loss, as recommended by the "general rule," would result in a Total Offense Level of 35, while use of Hart's gain caused Probation to find an Offense Level of 31.  Therefore, the plea agreement negotiated by defense counsel, in which the government agreed to use gain for § 2B1.1(b)(1), appears reasonable, given the potential for a higher offense level using intended loss.  As such, Hart fails to make the requisite showing of deficiency and prejudice under *Strickland*, and his ineffectiveness claim must be denied.

## Conclusion

For the foregoing reasons, Hart's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

        /s/ William J. Martini
        **William J. Martini, U.S.D.J.**

---

[6] Hart was sentenced on March 29, 2007; therefore, the provisions of the 2006 Federal Sentencing Guidelines Manual are applicable.

5